Mr. Daniel L. Dwyer Assistant School Board Attorney District School Board of Pasco County 402 East Church Avenue Post Office Box 4 Dade City, Florida 33525
Dear Mr. Dwyer:
This is in response to your request for an opinion on substantially the following question:
 MAY THE SCHOOL BOARD OF PASCO COUNTY ADOPT A BOARD POLICY WHITE ALLOWS CIVIC PARTICIPATION LEAVE WITH PARTIAL PAY FOR CERTAIN ELECTED OFFICIALS WHO ARE ALSO EMPLOYED BY THE BOARD?
Your letter describes a proposed change in the School Board of Pasco County's Policy Handbook which would allow payment of salary to certain elected officials who are presently employed by the board and remain so during their term of office; this policy allows `civic participation leave with partial pay,' when such employees are engaged in official meetings of the elected body. Thus, you have requested an opinion concerning the propriety of this `partial pay' provision.
Section 231.39, F.S. (1982 Supp.) provides in pertinent part:
 All leaves of absence for all district school board employees, except those leaves prescribed by law, shall be granted with or without compensation pursuant to rules adopted by the district school board. Such leaves authorized by the school board shall include, but not be limited to, professional leave and extended professional leave, personal leave, military leave granted in compliance with chapter 115, and maternity leave. (e.s.)
See also, s 231.001, F.S. (1982 Supp.) (which states that `[e]xcept as otherwise provided by law or the State Constitution, district school boards are authorized to prescribe rules governing personnel matters, . . .') and s 230.23(5) (granting school boards broad powers in personnel matters, including the compensation of employees, subject to the requirements of Ch. 231). Note also, s 7 of Ch. 83-324, Laws of Florida, amending s 230.03(2), F.S.
Chapter 82-242, Laws of Florida, in s 18, substantially rewrote and reworded s 231.39 as it existed in the 1981 statutes. This statute formerly provided a closed-end enumeration of leave of absence categories. Moreover, former s 231.39 provided that school boards' rulemaking authority concerning leaves of absence was subject `to the provisions in the sections which follow' [ss 231.39(1)-(3) through 231.45], thus limiting the legislative discretion of school boards in this regard. However, the current version of s 231.39, considered in pari materia with the repeal[1] of ss 231.42 and 231.43 (relating, respectively, to professional leave and personal leave) seems to extend to school boards a greater measure of discretion in adopting rules concerning leaves of absence. The principal limitation of this discretion is now contained in the language `except those leave prescribed by law,' and as noted above, s 231.43, relating to personal leave (and which strictly limited paid personal leave) has been repealed.
To summarize, the 1982 amendment of s 231.39, creation of s 231.001, and the 1981 `sunset' repeal of s 231.43, considered together, give local school boards greater discretion to formulate types of leave and the compensation for such leave, subject to the limitation that if a type of leave is prescribed by law, the board's discretion is limited thereby.
In regard to the specific types of leave involved in your question, our office is reluctant to either approve or disapprove of this proposed policy change; our office cannot make the requisite policy determination for the board which is implicit in a school board's implementation of ss 231.39, 231.001 and 230.23(5), F.S. (1982 Supp.), nor can the board delegate this responsibility to our office. See, AGO 62-98; cf., AGO 77-31 (discussing the common law rule of incompatible positions, and concluding that a community college comptroller could serve simultaneously as a legislator unless prohibited by state or local board rule); see also, AGO 66-24 (discussing repealed ss 231.43 and 231.42, and their use by a teacher also a state legislator, and nothing that this office could not define professional leave since that was the duty of the county and state boards of education). Moreover, personnel rules of the school board once adopted are prima facie valid until the courts determine otherwise.
In summary, it is my opinion that changes made in Ch. 231, F.S. by the 1982 Legislature, considered together with the repeal of s 231.43, give local school boards greater discretion to formulate types of leave and the compensation for such leave, subject to the limitation that if a type of leave is prescribed by law, the board's discretion is limited thereby; however, our office cannot make the requisite policy determination for the board which is implicit in a school board's implementation of ss 231.39, 231.001, or 230.23(5), F.S. (1982 Supp.), nor can the board delegate this responsibility to our office.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General
[1] Repealed by s 2 of Ch. 81-318, Laws of Florida; see also, s 10 of Ch. 83-85, a revisor's bill, confirming the repeal of these statutes.